## Taliaferro & Sherwood *v.* Ackerman, Appellant.

*Sales—Sales by sample—Interpretation of contracts—Case for jury.*

In an action for breach of warranty under a written contract for the sale of hosiery, evidence was produced to show that the sale had been made in accordance with a sample produced by the vendor. It was alleged by the plaintiff that they had purchased by sample and that the sample given by the defendant and designated by him as "Mill No. 800" was a seamless stocking. Defendant denied this allegation and produced witnesses to show that the defendant's "Mill No. 800" was a stocking sewed at the

ankle.   Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

Argued October 17, 1919.   Appeal, No. 152, Oct. T., 1919, by defendant, from judgment of C. P. No. 3, Phila. County, Sept. T., 1918, No. 207, in the case of William F. Taliaferro and Peter V. Sherwood, copartners, trading as Taliaferro & Sherwood, v. Morris Ackerman, trading as Independent Hosiery Mills and Independent Hosiery Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD and TREXLER, JJ.   Affirmed.

Assumpsit for breach of warranty under written contract.   Before MCMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $806.95 and judgment thereon.   Defendant appealed.

*Errors assigned* was the charge of the court, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*Henry J. Scott,* and with him *Albert T. Hanby,* for appellant.—Being complete the written contract must be construed without resort to other prior agreements: Duffield v. Hue et al., 129 Pa. 94; Hillman & Co. v. Josephs, 9 Pa. Superior Ct. 1.

The construction of the contract was for the court: Elliott v. Wanamaker, 155 Pa. 67; Sparks v. Pittsburgh Co., 159 Pa. 295; Baranowski v. Baltimore Aid Society, 3 Pa. Superior Ct. 367; Kimbraugh v. Phila. & Reading Relief Association, 6 Pa. Superior Ct. 60; Pessanno v. Eyre, 13 Pa. Superior Ct. 157.

*A. S. Longbottom,* and with him *G. Lawrence Pape* and *Robert J. Byron,* for appellee.—The contract conveyed no definite information as to the quality of goods

purchased and the case was for the jury: Stover v. Metzger, 1 Watts & S. 269; Adams v. Pittsburgh Co., 76 Pa. 411; Cope v. Dodd, 13 Pa. 33; McMasters v. Railroad Co., 69 Pa. 374; Ambler v. Phillips, 132 Pa. 167.

OPINION BY TREXLER, J., February 28, 1920:

Plaintiff placed a written order with the defendant for 700 dozens of hose, "Mill No. 800 Cinderella." He testified at the time the order was given, that the defendant showed him a sample which was produced at the trial, and stated, "There is the way my goods look, and there is the goods you are going to get." Before the order was reduced to writing, the plaintiff, with the sample in his hand, asked the defendant, "What do you call that number?" and received the answer, "That is my 800." The number "800" had no general significance in the trade. It had no distinctive meaning in common usage. It was merely defendant's private designation of the goods.

Two questions are submitted to us by the appellant. The first is, "If a written contract of sale specifically designates the article by a particular brand, is the construction of said contract for the court or jury?" Of course, the construction of the written contract is for the court, if the meaning can be arrived at by a perusal of the paper. We are met, however, with this position, that the court could not by reading the contract, determine what was meant by the term "800." That conveyed no definite idea; it required oral testimony to explain what was meant. There being a dispute as to what was meant by the term, it had to be left to the jury. The defendant contended that the number "800" referred to a hose with a sewed-on foot. The plaintiff testified that the defendant told him that it was the proper designation of the sample which he had shown to him, which was a seamless hose. If the statement of the plaintiff is believed, the minds of the parties met in a common purpose, the one to buy, the other to sell hose of the kind shown by the defendant to the plaintiff, and exhibited by the

latter at the trial. There was no source of knowledge common to both, which would bring home to the plaintiff the mill number of the particular kind of hose he was buying. The plaintiff had a right to rely upon the statement of the defendant, that the number "800" was the number which properly represented the stocking they were bargaining for.

The second question is, "Does the exhibition of a sample by the seller amount to such a designation of quality as to constitute a sale by sample when the quality of the article to be furnished is expressly described in the written contract without reference to the sample?" The order required that the hose should be of first quality goods. The question before us is not as to quality; it is as to kind or identity. The hose shown to the plaintiff was a seamless hose. The court we think correctly told the jury that the plaintiff "was entitled to get what Ackerman said the '800' meant. It is true that Ackerman's mill number for sewed-on feet was '800,' and the written contract called for '800,' but if Ackerman showed Sherwood a sample of seamless hose, and said, 'This is my 800,' and Sherwood not knowing to the contrary made the contract on that statement, he is entitled to get the seamless goods." The sample became a guarantee that the hose to be furnished should follow its kind: Boyd v. Wilson, 83 Pa. 319. The pair of hose which the plaintiff took was not one of a heap which was sold, but was a specimen of the hose to be manufactured. The sample was the standard of the kind of hose to be delivered.

The assignments are overruled, and judgment is affirmed.